## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**ANTWON M. ALFRED,**

**Defendant.**                                                    **No. 10-30028-DRH**

## <u>ORDER</u>

**HERNDON, Chief Judge**:

Now before the Court is Defendant's motion to continue trial (Doc. 18). Defendant states that he needs additional time to finalize plea negotiations. The Government does not object.  The Court being fully advised in the premises finds that Alfred needs additional time to finalize plea negotiations.  The Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such continuance outweigh the best interests of the public and Defendant in a speedy trial.  The Court also finds that to deny a continuance of the matter would result in a miscarriage of justice.

Therefore, the Court **GRANTS** Defendant's motion to continue trial (Doc. 18).  The Court **CONTINUES** the jury trial scheduled for April 26, 2010 to

**Tuesday, June 1, 2010 at 9:00 a.m.**  The time from the date the original motion was filed, April 16, 2010, until the date to which the trial is rescheduled, June 1, 2010, is excludable time for the purposes of speedy trial.

Further, in continuing this trial, the Court also notes that Defendant was previously given twenty-one (21) days from the date of his arraignment in which to file pre-trial motions and complete discovery.  According to a recent Supreme Court decision, ***Bloate v. United States***, **No. 08-728, — S. Ct. —, 2010 WL 757660, at * 11 (2010)**, delays resulting from pre-trial motion preparation is not automatically excludable under **18 U.S.C. § 3161(h)(1)**, but requires case-specific findings under **18 U.S.C. § 3161(h)(7)**.  ***See Bloate***, **2010 WL 757660, at *5**.  In light of the recent decision, the Court finds that the time granted to Defendant Alfred for preparation of pretrial motions and discovery was also excludable under **18 U.S.C. §3161(h)(7)(A)** as the justice served by the granting of such a continuance outweighed the best interests of the public and Defendant in a speedy trial.  To force a Defendant to trial without adequate time to prepare would have constituted a miscarriage of justice.  Therefore, for purposes of the Order issued March 5, 2010, granting Defendant twenty-one (21) days in which to complete discovery and file pre-trial motions (Doc. 10), the Court notes that the time from the arraignment, March 5,2010, until the date on which the twenty-one days expired, March 26, 2010, is excludable time for the purposes of speedy trial.

Should either party believe that a witness will be required to travel on

the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 19th day of April, 2010.

/s/  David R Herndon

**Chief Judge**
**United States District Court**