IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| v. | : | CRIMINAL NO.  10-30028-DRH |
| | : | |
| ANTWON ALFRED, | : | |
| | : | |
| DEFENDANT. | : | |

**PRELIMINARY ORDER FOR FORFEITURE PURSUANT TO FED.R.CRIM.P. 32.2
WITH RESPECT TO A CERTAIN FIREARMS
<u>AND AMMUNITION OF ANTWON ALFRED</u>**

In the Indictment filed in the above cause on February 17, 2010, the United States sought forfeiture of property of defendant, Antwon Alfred, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).  The court, upon consideration of the finding of guilt and Stipulation of Facts  received in this matter, hereby finds by a preponderance of evidence that the following property is forfeitable and hereby orders forfeited the following property which the defendant admits was involved in the commission of the offenses to which the defendant is pleading guilty:

**One Smith and Wesson, Model 60, .38 Special caliber revolver, bearing serial number R23750, and any and all ammunition contained therein**.

Also included as property to be forfeited pursuant to this order is any and all ammunition which had been contained within or seized in conjunction with said firearm or firearms.

The United States shall, under the authority of 21 U.S.C. § 853(n)(1) to " publish notice of the order and of its intent to dispose of the property in such matter as the Attorney General may direct," provide notice of the forfeiture and the right of persons other than the defendant  who have

any claim or legal interest in any of the property to file a petition with the Court. Said notice shall be provided in a manner consisted with Supplemental Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The notice shall state that the petition shall be set for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the release.

The United States may, also to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order for Forfeiture, as the substitute for the published notice to those persons so notified.

Upon the filing a petition alleging the third-party interests in the property, the court may amend this order to resolve the claimed third-party interests.

The United States Marshal or the Vault Custodian for the Bureau of Alcohol, Tobacco, Firearms and Explosive shall seize and reduce to his possession, if he has not already done so, the above-described property.

This Order, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, shall become final with respect to Defendant Antwon Alfred at the time of the Defendant's sentencing, regardless of whether or not the rights of actual or potential third-party petitioners have been determined by that time. This Order shall be made part of the sentence of Defendant Antwon Alfred and shall be included in the Judgment imposed against said Defendant. This Order is a final order

with respect to said Defendant, and this Order may be amended with respect to petitions filed by third-parties claiming an interest in the subject-matter forfeited property.

**DATE: July 16, 2010**

/s/    *David R Herndon*

**Chief Judge**
**United States District Court**